**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VERNON MARCUS COLEMAN,

    Plaintiff,

v.

ERIK JOHANSENE,

    Defendant.
_____/

Civil No. 2:19-CV-10572
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

AND

VERNON MARCUS COLEMAN,

    Plaintiff,

v.
RAYMOND BUCCIARELLIR,

    Defendant,
_____/

Civil No. 19-10630
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER SUMMARILY**
**DISMISSING CIVIL RIGHTS COMPLAINT**

**I. Introduction**

Before the Court are Plaintiff Vernon Marcus Coleman's *pro se* civil rights complaints. Plaintiff is a federal inmate incarcerated at the United States Penitentiary in Atlanta, Georgia. The Court issues this opinion on pending cases 19-10572 and 19-10630. The cases are **DISMISSED WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

1

## II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. However, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). Plaintiff alleges that his constitutional rights were violated by persons acting under color of federal law; the complaint is construed as a *Bivens* action. *See e.g. Shehee v. Luttrell,* 199 F.3d 295, 298 (6th Cir. 1999). The screening provisions of the Prisoner Litigation Reform Act (PLRA) are applicable to *Bivens* actions brought by federal inmates. *See e.g. Diaz v. Van Norman,* 351 F. Supp. 2d 679, 680-81 (E.D. Mich. 2005).

### III. The complaints

**A. The complaints.**

Plaintiff's two civil rights cases involve a common question of law or fact. This opinion refers to both cases. In 19-10572, Plaintiff makes allegations against Erik Johansene. In 19-10630, Plaintiff makes similar allegations against Raymond Buccairellir. The allegations all rise from an incident at Detroit Metropolitan Airport.

**B. The facts.**

Plaintiff alleges that on July 10, 2018, he was stopped and illegally searched at the Detroit Metropolitan Airport by Defendants Johansene and Bucciarellir, two airport police officers. Plaintiff claims that the officers seized money from him without a

3

warrant.  This money was not returned to Plaintiff.  There is some discrepancy about the amount of money seized from Plaintiff.  At one point Plaintiff indicates that $ 120,000.00 was seized from him by Defendant Johansene but elsewhere he lists the amount as $ 79,000.00.  Plaintiff was detained for four days in solitary confinement before being released.  Plaintiff claims that he received only one sandwich a day while in solitary confinement. Plaintiff alleges that he was unable to take a shower while confined. Plaintiff alleges that his ankle was injured while he was confined.

Plaintiff claims that Defendant Bucciarellir informed Plaintiff's federal probation officer Thomas Hare about the arrest.  Plaintiff claims that evidence from this arrest was used as the "basis for evidence for a two year probation prison sentence."  Plaintiff does not elaborate further about the nature of his sentence.  This Court, however, searched the PACER system.  Plaintiff pleaded guilty to conspiracy to possess with the intent to distribute at least five kilograms of a mixture and substance containing cocaine and was sentenced on January 26, 2011 in the United States District Court for the Northern District of Georgia to 87 months in prison followed by 5 years supervised release.   On January 25, 2019, Plaintiff's supervised release was revoked and he was sentenced to twenty four months incarceration. [1]

---

[1] See *United States v. Coleman,* No. 1:07-CR-233 (N.D. Ga. Jan. 25, 2019)(ECF 804). Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

Plaintiff alleges that the officers' search was illegal because they did not have probable cause or a warrant to arrest him. Plaintiff claims that evidence from this arrest was used to revoke his supervised release. Plaintiff also claims that as a result of the seizure of the money by the authorities, he was unable to hire his own attorney. Plaintiff claims that his business was hurt and he lost wages as a result of the arrest and violation of his supervised release.

Plaintiff seeks monetary damages.

## IV. **Discussion**

Plaintiff's lawsuits against the defendants for the alleged illegal arrest are subject to dismissal, because the suit would not be cognizable unless and until his supervised release violation was overturned or invalidated. *See Schilling v. White*, 58 F. 3d 1081, 1085 (6th Cir. 1995).

To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Although *Heck* does not completely bar Fourth Amendment claims, to recover compensatory damages based on allegedly unreasonable search, a § 1983 plaintiff must prove not only that the search or seizure was unlawful, but that it caused him actual, compensable injury, which does not encompass the injury of being convicted and

imprisoned, until his conviction has been overturned. *Id.,* at 487, n. 7.  The rationale behind *Heck* has been applied to *Bivens* actions brought against federal defendants. *See Lanier v. Bryant,* 332 F. 3d 999, 1005 (6th Cir. 2003); *Robinson v. Jones*, 142 F. 3d 905, 906-07 (6th Cir. 1998).

*Heck* also bars the recovery of monetary damages from a supervised release violation unless the revocation of supervised release is reversed or vacated. *See Wingo v. Mullins*, 400 F. App'x 344, 346–47 (10th Cir. 2010); *Nikirk v. Rodriguez*, 129 F. App'x 103, 104 (5th Cir. 2005); See also *Faber v. Smith,* No. 17-2523, 2018 WL 6918704, at * 2 (6th Cir. June 6, 2018), *reh'g denied* (June 28, 2018)(Under *Heck*, "Faber cannot file *Bivens* claims that would undermine the validity of the district court's orders amending his supervised release terms).

Where the "search [of plaintiff] yielded the [evidence] which became the subject of a criminal charge of which [plaintiff] was convicted," a finding that the search was unreasonable would "necessarily imply the invalidity of the conviction" and would therefore be barred under *Heck. Fox v. Michigan State Police Dep't.*, 173 F. App'x 372, 377-78 (6th Cir. 2006); *See also Poindexter v. Overton,* 110 F. App'x 646, 647 (6th Cir. 2004)(prisoner's civil rights claim challenging his confinement, in which he alleged that his convictions were obtained pursuant to an illegal search and seizure, was not cognizable and therefore subject to dismissal, where defendant failed to successfully challenge the validity of his underlying convictions); *Pergram v. Shortridge,* 96 F. App'x 322 (6th Cir. 2004)(same).  Plaintiff cannot maintain a *Bivens* action against the defendants because the main injury alleged is the revocation of his supervised release.

6

Plaintiff's allegation that the defendants interfered with his ability to hire an attorney for his criminal case is likewise barred by *Heck* because it implicates the validity of the revocation of Plaintiff's supervised release. *See Zarro v. Spitzer*, 274 F. App'x 31, 34–35 (2d Cir. 2008). Likewise, Plaintiff's allegation that his illegal arrest led to the destruction of his business and/or lost wages is also barred by *Heck. See Addison v. South Carolina*, No. CIVA 208-3649-HFF-RS, 2009 WL 233641, at * 1 (D.S.C. Jan. 30, 2009)(Adopting Report and Recommendation of Magistrate Judge).

Plaintiff also alleges that he received an ankle injury while he was in detention, was fed one meal a day, and was unable to shower. Challenges to conditions of confinement liked these are not barred by *Heck. See Grider v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2013). However, "It is firmly established that a plaintiff asserting a *Bivens* claim, as part of [his] prima facie case, must offer evidence to support an individual defendant's personal involvement in the deprivation of a constitutional right." *Burley v. Gagacki*, 729 F.3d 610, 618 (6th Cir. 2013). A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *See Hall v. United States*, 704 F. 2d 246, 251 (6th Cir. 1983). Plaintiff does not allege that either defendant had any personal involvement with the conditions surrounding his solitary confinement or with his ankle injury. Plaintiff fails to state a claim for relief.

The Court dismisses the cases. Because the Court dismisses the claims pursuant to *Heck v. Humphrey,* the dismissal are without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

V.

7

The complaints are **DISMISSED** without prejudice.

Plaintiff's Motions for Summary Judgment and to Amend the Complaint are **MOOT**.

The Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS ORDERED**.

s/ Victoria A. Roberts
HON. VICTORIA A. ROBERTS
United States District Judge

DATED: 4/18/19