UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON MARCUS COLEMAN,

    Plaintiff,                          Civil No. 2:19-CV-10572/2:19-CV-10630
                                         HONORABLE VICTORIA A. ROBERTS
v.                                    UNITED STATES DISTRICT JUDGE

ERIK JOHANSENE AND
RAYMOND BUCCIARELLIR,

    Defendants,
_____/

**OPINION AND ORDER (1) DENYING THE MOTION FOR LEAVE TO AMEND THE CIVIL RIGHTS COMPLAINT (Doc. 15) AND (2) DENYING THE MOTION TO AMEND, ALTER, OR TO VACATE JUDGMENT (Doc. 17)**

Plaintiff filed two separate civil rights complaints. The cases were consolidated into one action. On April 18, 2019, the complaint was dismissed without prejudice for failing to state a claim upon which relief can be granted. *Coleman v. Johansene*, No. 2:19-CV-10572, 2019 WL 1746256 (E.D. Mich. Apr. 18, 2019).

Plaintiff filed a motion for leave to amend the civil rights complaint and a motion to amend, alter, or vacate judgment. The motions are DENIED.

**A. The motion to amend the civil rights complaint (Doc. 15).**

Before Plaintiff can seek to amend his complaint the Court would need to reopen Plaintiff's case. *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008). "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or

1

Rule 60 of the Federal Rules of Civil Procedure." *Id.* (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). Therefore, unless postjudgment relief is granted, a district court does not have the power to grant a motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a). *Id.*

The decision to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment should generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018)(*quoting Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)). In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Plaintiff is not entitled to amend his complaint post-judgment, he failed to provide a compelling explanation for failing to amend or seek leave to amend his complaint to add additional facts or arguments before judgment was entered. *See Pond v. Haas*, 674 F. App'x 466, 473 (6th Cir. 2016).

The motion is denied.

                                                  s/ Victoria A. Roberts
                                                  HON. VICTORIA A. ROBERTS
                                                  United States District Judge

DATED: 7/8/19